UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THE RECEIVABLES EXCHANGE, LLC | * | CIVIL ACTION NO. |
| In its own capacity and as the administrative | * | |
| Agent and collateral agent of the Buyers, | * | SECTION: |
| | * | |
| v. | * | JUDGE: |
| | * | |
| ADVANCED TECHNOLOGY | * | |
| SERVICES, INC. D/B/A OPTIDOC, | * | |
| WAHIDA CLARK PRESENTS | * | |
| PUBLISHING LLC, | * | |
| MACKFORD HEALTHCARE | * | |
| AGENCY, INC., | * | |
| JOHNNY R PEREZ, LLC, | * | |
| PEACE KEEPERS HOME CARE, INC., | * | |
| SDI PRINT CENTER, LLC, | * | |
| COURAGE SUPPORT SERVICES, LLC, | * | |
| RENTAL PROPERTY MANAGEMENT | * | |
| & INVESTMENT, LLC, AND | * | |
| TRMUSICGROUP | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT**

Plaintiff, The Receivables Exchange, LLC ("TRE"), submits this Complaint (the Complaint"), on its own behalf and as the administrative agent and collateral agent of the Buyers, as defined below. TRE avers as follows:

## PARTIES

1.

Defendant, Advanced Technology Services, Inc. d/b/a Optidoc ("ATS"), is a Georgia corporation, with its domicile or principal place of business in Marietta, Georgia.

Defendant, Wahida Clark Presents Publishing LLC ("Wahida"), is a Nevada limited liability company, with its domicile or principal place of business in East Orange, New Jersey. Upon information and belief, the members of Wahida are residents of New Jersey.

Defendant, Mackford Healthcare Agency, Inc. ("Mackford"), is a North Carolina corporation, with its domicile or principal place of business in Fayetteville, North Carolina.

Defendant, Johnny R Perez LLC ("Perez"), is a New Jersey limited liability company, with its domicile or principal place of business in Paterson, New Jersey. Upon information and belief, the members of Perez are residents of New Jersey.

Defendant, Peace Keepers Home Care, Inc. ("Peace"), is a North Carolina corporation, with its domicile or principal place of business in Middlesex, North Carolina.

Defendant, SDI Print Center LLC ("SDI"), is a Florida limited liability company, with its domicile or principal place of business in Boca Raton, Florida. Upon information and belief, the members of SDI are residents of Florida.

Defendant, Courage Support Services, LLC ("Courage"), is a North Carolina limited liability company, with its domicile or principal place of business in Wilmington, North Carolina. Upon information and belief, the members of Courage are residents of North Carolina.

Defendant, Rental Property Management & Investment Limited Liability Company ("Rental"), is a New Jersey limited liability company, with its domicile or principal place of

business in Newark, New Jersey. Upon information and belief, the members of Rental are residents of New Jersey.

Defendant, TRMusicGroup ("TRMG"), is a Nevada corporation, with its domicile or principal place of business in Henderson, Nevada, but doing business in the State of California.

2.

Plaintiff, TRE, is a Louisiana limited liability company, with its principal offices in New York, New York. TRE brings this action on its own behalf and as the administrative and collateral agent of the entities that bought the Receivables (as defined in Paragraph 11 below) over the Receivables Exchange™ (the "Exchange") listed in ***Exhibit 1***, each of which is individually and collectively referred to in this pleading as a "Buyer" or the "Buyers." The sole member of The Receivables Exchange, LLC is The New Orleans Exchange, Inc., a Delaware corporation, with its principal place of business in New York, New York.

**JURISDICTION AND VENUE**

3.

The Court has original jurisdiction over this suit under Title 28 U.S.C. § 1332, in that it is a civil action where there is complete diversity of citizenship as to all parties and the amount in controversy exceeds $75,000, exclusive of interests or costs.

4.

Venue is proper in this district court pursuant to Title 28 U.S.C. § 1391.

{N2619743.3}

5.

Jurisdiction and venue are also appropriate in this Court pursuant to the forum selection clauses in that certain Amended and Restated SMB Master Program Agreement by and between The Receivables Exchange, LLC and all Registered Sellers and all Member Buyers of Traded Receivables, effective August 15, 2012 (the "SMB Agreement"), and that certain Amended and Restated SMB Seller Agreement by and between each Registered Seller of Traded Receivables and The Receivables Exchange, LLC with all Member Buyers being Third-Party Beneficiaries, effective as of August 15, 2012 (the "Seller Agreement"), which provide that all enforcement actions against a "Seller" may be brought in the Civil District Court for the Parish of Orleans, Louisiana or the U.S. District Court for the Eastern District of Louisiana.

**FACTUAL BACKGROUND**

*The Receivables Exchange*

6.

TRE has established a program that provides qualified sellers with liquidity access to the Exchange, an electronic marketplace, over which sellers may offer Eligible Receivables (as defined in Paragraph 12 below) for sale to TRE member buyers, while at the same time providing member buyers the opportunity to purchase Eligible Receivables. The sale is concluded after TRE conducts an electronic auction over the Exchange, wherein a receivable (a right to be paid by a third party) is sold to a member buyer at the highest price. Upon conclusion of the sale, the buyer is the owner of the receivable and is legally empowered and entitled to collect the debt in its own name. The seller, in turn, is paid a sum of money as consideration for the receivable and, after the sale is consummated, the seller retains no ownership rights or interest whatsoever in and to the traded receivable and the collection proceeds thereof.

7.

As a prerequisite to participating in the sale of Eligible Receivables over the Exchange, each seller that is approved and authorized to offer its Eligible Receivables for sale over the Exchange is a party to that certain Amended and Restated SMB Master Program Agreement by and between The Receivables Exchange, LLC and all Registered Sellers and all Member Buyers of Traded Receivables, effective August 15, 2012 (the "<u>SMB Agreement</u>") and that certain Amended and Restated SMB Seller Agreement by and between each Registered Seller of Traded Receivables and The Receivables Exchange, LLC with all Member Buyers being Third-Party Beneficiaries, effective as of August 15, 2012 (the "<u>Seller Agreement</u>")(collectively "<u>Exchange Agreements</u>").

### *ATS's Sale of the Receivables*

8.

ATS, through its chief executive officer, Maureen Mitchell Mischke ("<u>Ms. Mischke</u>"), agreed to the terms and conditions of the SMB Agreement and the Seller Agreement, in order to become a registered seller of Eligible Receivables on the Exchange.

9.

Pursuant to the Seller Agreement, to secure ATS's obligations under the Exchange Agreements, ATS granted TRE, in its individual capacity and in TRE's agency capacity as the administrative and collateral agent of the Buyers, a continuing security interest in, among other things, its accounts and general intangibles ("UCC Interest"). These security interests were perfected by the filing of a UCC-1 Financing Statement with the Barrow County Clerk of Court, Georgia, on February 6, 2013 at file no. 007-2013-002801.

10.

The Exchange Agreements are in favor of TRE and govern the sale of payment intangibles ("Receivables" or "Invoices") owed to ATS by the account debtors named as defendants herein, Wahida, Mackford, Perez, Peace, SDI, Courage, Rental, and TRMG, and by MB Restrooms, Inc. ("MB") which is not named as a party herein (collectively the "Account Debtors"). ATS sold the Receivables which are the subject of this action to the Buyers over the Exchange. On the face of the Invoices, the Receivables arise out of goods and/or services provided by ATS to the Account Debtors. The Invoices and the Account Debtor liable for each are as follows:

| ATS Inv. No. | Due Date | Account Debtor | Invoice Amount |
|---|---|---|---|
| 00014579 | 8/19/2013 | Wahida | $81,000.00 |
| 00014587 | 9/6/2013 | Mackford | $179,935.00 |
| 00014588 | 9/8/2013 | Perez | $15,285.00 |
| 00014591 | 9/9/2013 | Wahida | $62,000.00 |
| 00014594 | 9/15/2013 | Peace | $15,285.00 |
| 00014593 | 9/13/2013 | MB | $45,475.00 |
| 00014597 | 9/21/2013 | Mackford | $340,000.00 |
| 00014596 | 9/21/2013 | SDI | $45,500.00 |
| 00014599 | 9/22/2013 | Courage | $180,000.00 |
| 00014600 | 9/22/2013 | Rental | $33,000.00 |
| 00014595 | 9/16/2013 | TRMG | $326,480.00 |
| | | Total | $1,323,960.00 |

11.

Only Eligible Receivables are eligible for sale over the Exchange. "Eligible Receivables" are defined as Receivables subject to sale under Article 9 of the UCC that, among other things, are valid and bona fide payment obligations not "subject to dispute, compromise, reduction, cancellation, refund, offset, counterclaim or recoupment for any reason." ATS represented and warranted to TRE and the Buyers that the Receivables were Eligible Receivables under the SMB Agreement, and that the Account Debtors had accepted the product and/or services giving rise to the Receivables without condition or reservation of rights.

12.

Before ATS posted each Invoice for auction over the Exchange, ATS represented that such Invoices were duly owed, valid and enforceable, and was an Eligible Receivable under the Exchange Agreements.

13.

ATS sold the Receivables to the Buyers over the Exchange under eleven (11) separate auctions, which occurred between July 2, 2013 and August 5, 2013. ATS represented to TRE and the Buyers of each Invoice that the face value of the Invoice was as stated in paragraph 10 above or the collective amount of ONE MILLION THREE HUNDRED TWENTY THREE THOUSAND NINE HUNDRED SIXTY AND ZERO CENTS ($1,323,960.00). The Buyers bid on the Receivables based upon ATS's representations.

14.

Before ATS posted any Receivables for auction over the Exchange, ATS agreed to instruct, and did in fact instruct in writing, the Account Debtors on each Invoice to remit payment to TRE.

### *Defaults on the Receivables*

15.

Except for the sum of $5,132.50 which TRE received from Wahida, TRE has received no other payments on the Invoices from any Account Debtor. The balances owed by the Account Debtors on the Invoices remain outstanding in the amounts stated in paragraph 10 (plus interest and fees) except that the amount of Invoice No. 00014579 owed by Wahida has been reduced by its $5,132.50 payment.

16.

Upon non-payment of the Receivables, TRE contacted each Account Debtor to inquire about payment of the Receivables that each owes. To date, and other than the $5,132.50 payment by Wahida, the Account Debtors have refused to remit any payment on the Receivables that each owes.

17.

TRE has made written amicable demand upon each Account Debtor for payment of the Receivables which each owes to no avail.

### *The Repurchase Obligations*

18.

Because the Account Debtors failed to pay the Receivables in full when due, ATS is obligated to repurchase the Receivables from the Buyers as provided in Section 23 of the Seller Agreement. That section is entitled "Repurchase Obligations, Right to Setoff and Withhold Payments to Seller," and provides:

> A. Seller agrees to repurchase any and all then outstanding Traded Receivables for the Repurchase Price thereof from the applicable Buyer or Buyers when:

(i)  if for any reason the Account Debtor fails to pay the Face Value of the Traded Receivable, in full and in Good Funds, by no later than the 90th day following the last Invoice Due Date in a Basket of Traded Receivables (an "Account Debtor Event of Default"); or

(ii) if and when the Account Debtor becomes or otherwise claims to be entitled to a credit adjustment against any amount owed under the Traded Receivable; or

(iii)  if and when the Account Debtor raises any defense to payment or otherwise demonstrates that it is unable or unwilling to pay the Face Value of the Traded Receivable in full and when due; or

(iv) should the Traded Receivable fail to quality for any reason as an Eligible Receivable eligible to be traded over the Exchange; or

(v)  if and when Seller or the Account Debtor files or becomes subject to a bankruptcy or Insolvency proceeding; or

(vi)  at the time of the occurrence of any other Seller Event of Default not mentioned above.

B. Seller further agrees to pay the Repurchase Price to TRE, in full and for the Buyer's account, by no later than the Repurchase Date.

SELLER'S REPURCHASE OBLIGATIONS ARE ABSOLUTE, UNCONDITIONAL AND IRREVOCABLE AND ARE NOT SUBJECT TO ANY CLAIM THAT SELLER MAY HAVE AGAINST TRE OR ANY TRE RELATED PERSON, OR TO ANY DEFENSES TO PAYMENT (INCLUDING SURETYSHIP DEFENSES), ALL OF WHICH ARE KNOWINGLY AND WILLINGLY WAIVED BY SELLER.

19.

The "Repurchase Price" referenced in Section 23 of the Seller Agreement means:

(i) the greater of the outstanding amount of the Face Value of a Traded Receivable, or the sum of the then unpaid Advance Amount and accrued Discount Fees with respect to the repurchased Receivable, together with (ii) the amount of any Late Charges and Seller Reimbursable Expenses that may then be due and owing by the Seller.

As of March 18, 2014, the outstanding Repurchase Price for the Receivables is as follows:

| Auction Number | Face Value Outstanding | Late Fees Accrued | Advance Outstanding | Discount Fees Accrued | Failed Payment Fee | Seller Admin Fee | Total Amount Needed to Complete |
|---|---|---|---|---|---|---|---|
| 26543 | $75,867.50 | $3,837.48 | $68,850.00 | $5,357.00 | $100.00 | $79.42 | $78,223.90 |
| 26771 | $179,935.00 | $8,523.59 | $152,944.75 | $22,491.92 | $100.00 | $175.62 | $184,235.88 |
| 26819 | $15,285.00 | $724.33 | $12,992.25 | $1,864.81 | $100.00 | $14.88 | $15,696.27 |
| 26881 | $62,000.00 | $2,936.87 | $52,700.00 | $7,626.00 | $100.00 | $60.39 | $63,423.26 |
| 26984 | $15,285.00 | $724.33 | $12,992.25 | $1,806.82 | $100.00 | $14.82 | $15,638.22 |
| 27054 | $45,475.00 | $2,306.33 | $41,382.25 | $4,849.89 | $100.00 | $46.28 | $48,684.75 |
| 27088 | $340,000.00 | $16,105.89 | $289,000.00 | $38,930.00 | $100.00 | $328.26 | $344,464.15 |
| 27116 | $45,500.00 | $2,156.04 | $38,675.00 | $5,255.25 | $100.00 | $43.98 | $46,230.27 |
| 27159 | $180,000.00 | $8,526.98 | $153,000.00 | $20,700.00 | $100.00 | $173.88 | $182,500.86 |
| 27173 | $33,000.00 | $1,563.92 | $28,050.00 | $3,778.50 | $100.00 | $31.87 | $33,524.29 |
| 27251 | $326,480.00 | $15,465.18 | $277,508.00 | $42,850.50 | $100.00 | $320.68 | $336,244.36 |
| Grand Total | $1,318,827.50 | $62,870.94 | $1,128,094.50 | $155,510.69 | $1,100.00 | $1,290.08 | $1,348,866.21 |
|  |  |  |  |  |  | Seller Reimbursable Expenses |  |
|  |  |  |  |  |  | Total as of 3/18/14 | $1,348,866.21 |
|  |  |  |  |  |  | Face Value Residual | (30,038.71) |

20.

Despite written amicable demand for full payment of the Repurchase Price, ATS has refused to remit any portion of the Repurchase Price to TRE, thus failing to comply with its Repurchase Obligation, thereby triggering the occurrence of a "Seller Event of Default" under Section 13.1 of the SMB Agreement.

21.

Section 13.1 of the SMB Agreement is entitled "Seller Events of Default" and provides in part that the occurrence of one or more of the following events shall constitute a Seller Event of Default:

> **13.1.1 Repurchase Obligations.** Failure by Seller to comply with Seller's Repurchase Obligations as and when required under the Seller Agreement.
> …
>
> **13.1.4 Breach of Representation.** Any representation or warranty made or deemed made by Seller in this Agreement and the other SMB Program Agreements to which Seller is a Party, or in any agreement or in any certificate, document or financial or other statement furnished at any time in connection herewith or therewith, shall prove to have been untrue, incorrect or misleading in any material respect on the date when made or when deemed to be made.
>
> …

**13.1.15 Non-compliance**. Any failure or neglect on the part of Seller to perform, keep or observe any additional term, provision, condition or covenant not otherwise mentioned in this Section 13.1, as contained in this Agreement, or in the Seller Agreement, or in any other SMB Program Agreement to which Seller is a Party, or in the Rules and Procedures of the Exchange, which (to the limited extent that such failure of compliance is subject to cure) is not cured within ten (10) days from the first occurrence of such failure or neglect.

22.

For the reasons set forth above, ATS is in default of the SMB Agreement.

**COUNT I – BREACH OF CONTRACT**
**(Asserted Against ATS)**

23.

The allegations in Paragraphs 1 through 23 of this Complaint are re-alleged and incorporated herein by reference.

24.

Pursuant to Section 23 of the Seller Agreement, ATS is obligated to repurchase the Receivables if they are not paid in full by the Account Debtors. ATS failed to comply with its Repurchase Obligations and is thus in default under the terms of the SMB Agreement and the Seller Agreement.

25.

In that regard, both the SMB Agreement and the Seller Agreement give TRE and each Buyer various Enforcement Rights, including the right to file suit against ATS, as the Seller, for all amounts owed by the Account Debtors for the Receivables.

26.

In particular, the SMB Agreement and the Seller Agreement provide that, upon default, ATS is obligated to pay TRE its Repurchase Obligations and all other amounts then or thereafter owed by ATS, including, but not limited to, Late Charges and Seller Reimbursable Expenses.

27.

As a result of the foregoing breach of contract, ATS is obligated to pay the Repurchase Price in the amount of $1,348,866.21 as of March 18, 2014 plus Late Charges, Discount Fees, and Seller Reimbursable Expenses continuing to accrue thereafter until the Repurchase Price is paid in full.

28.

ATS has not paid any of the sums owed to TRE, despite amicable demand for full payment.

29.

TRE has engaged undersigned counsel, the law firm of Carver, Darden, Koretzky, Tessier, Finn, Blossman & Areaux LLC, to enforce its rights under, among other things, the Exchange Agreements by instituting this action to collect the amounts due thereunder. TRE is entitled to recover from ATS its reasonable attorneys' fees, court costs, and other expenses incurred in connection with ATS' defaults, including in connection with this lawsuit.

**COUNT II – ACCOUNT**
**(Asserted Against Account Debtors Named as Defendants Herein)**

30.

The allegations in Paragraphs 1 through 29 of this Complaint are re-alleged and incorporated herein by reference.

31.

The Account Debtors named as defendants herein are obligated to pay the Receivables to TRE as follows:

| ATS Inv. No. | Due Date | Account Debtor | Outstanding Invoice Amount |
|---|---|---|---|
| 00014579 | 8/19/2013 | Wahida | $75,867.50 |

| | | | |
|---|---|---|---|
| 00014587 | 9/6/2013 | Mackford | $179,935.00 |
| 00014588 | 9/8/2013 | Perez | $15,285.00 |
| 00014591 | 9/9/2013 | Wahida | $62,000.00 |
| 00014594 | 9/15/2013 | Peace | $15,285.00 |
| 00014597 | 9/21/2013 | Mackford | $340,000.00 |
| 00014596 | 9/21/2013 | SDI | $45,500.00 |
| 00014599 | 9/22/2013 | Courage | $180,000.00 |
| 00014600 | 9/22/2013 | Rental | $33,000.00 |
| 00014595 | 9/16/2013 | TRMG | $326,480.00 |

Each Account Debtor was notified of ATS's assignment of its receivables, and each Account Debtor was instructed to pay the Receivable upon which it is obligated to TRE. Each Account Debtor has acknowledged receipt of this notice.

32.

Nonetheless, the Account Debtors have failed to pay TRE the amounts outstanding on the Invoices owed by each. Pursuant to UCC article 9-406 and other applicable law, the Account Debtors remain legally obligated to pay TRE the amounts outstanding on the Invoices issued to each, plus interest and attorneys' fees.

33.

Accordingly, each Account Debtor named as defendant herein is liable to TRE for the amounts stated in paragraph 31 above plus interest and attorneys' fees.

WHEREFORE, Plaintiff, The Receivables Exchange, LLC, prays that after due proceedings had, there be judgment rendered in favor of Plaintiff, The Receivables Exchange, LLC, and against Defendants, Advanced Technology Services, Inc. d/b/a Optidoc, Wahida Clark Presents Publishing LLC, Mackford Healthcare Agency, Inc., Johnny R Perez, LLC, Peace Keepers Home Care, Inc., SDI Print Center, LLC, Courage Support Services, LLC, Rental Property Management & Investment, LLC, and TRMusicGroup, as follows:

1. Against Advanced Technology Services, Inc. d/b/a Optidoc, in the amount of in the amount of $1,348,866.21 as of March 18, 2014 plus Late Charges, Discount Fees, and Seller Reimbursable Expenses continuing to accrue thereafter until the Repurchase Price is paid in full; and

2. Against each Account Debtor as follows:

a. Wahida Clark Presents Publishing LLC in the amount of $137,867.50;

b. Mackford Healthcare Agency, Inc. in the amount of $519,935.00;

c. Johnny R Perez, LLC in the amount of $15,285.00;

d. Peace Keepers Home Care, Inc. in the amount of $15,285.00;

e. SDI Print Center, LLC in the amount of $45,500.00;

f. Courage Support Services, LLC in the amount of $180,000.00;

g. Rental Property Management & Investment, LLC in the amount of $33,000.00;

h. TRMusicGroup Receivables in the amount of $326,480.00;

Plus interest and attorneys' fees; and

3. All other and further relief as is just and equitable.

                Respectfully submitted,

                CARVER, DARDEN, KORETZKY, TESSIER,
                FINN, BLOSSMAN & AREAUX, L.L.C.

BY:   /s/ David F. Waguespack
        David F. Waguespack, Bar No. 21121
        Stephen P. Scullin, Bar No. 30717
        1100 Poydras Street, Suite 3100
        New Orleans, Louisiana 70163
        Telephone:  (504) 585-3800
        Telecopier No.: (504) 585-3801

*Attorney for The Receivables Exchange, LLC*

4832-6782-9017, v.  1

# **EXHIBIT 1- LIST OF BUYERS**

Brooklawn Capital
SBS Opportunities Fund Sicav- PLC

4847-4583-4265, v. 1