UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THE RECEIVABLES EXCHANGE, LLC | CIVIL ACTION |
| VERSUS | NO: 14-668 |
| ADVANCED TECHNOLOGY SERVICES, INC., ET AL | SECTION: "H"(4) |

### ORDER AND REASONS

Before the Court is a Motion for Default Judgment (R. Doc. 20). For the following reasons, the Motion is GRANTED.

### BACKGROUND

This is a civil action for breach of contract. Plaintiff The Receivables Exchange, LLC ("TRE") operates an exchange in New Orleans, Louisiana through which businesses can sell certain debts owed to the business by its customers ("receivables"). A business wishing to sell receivables through TRE must enter into a contract. This contract, which all buyers and sellers execute,

1

governs the sale of receivables through TRE. Defendant, Advanced Technology Services, Inc. ("ATS"), executed this contract and registered several receivables for sale through TRE. The contract provides, *inter alia*, that a seller may be obliged to repurchase a receivable sold through TRE if the debtor fails to make timely payment after the receivable is sold. ATS successfully sold several receivables through TRE. After the receivables were sold, the debtors on the receivables failed to tender timely payment to the buyers. This obligated ATS to repurchase the receivables as provided in the contract. When ATS failed to do so, TRE filed the instant suit to collect the repurchase price.[1] Despite being served with the complaint, ATS failed to answer or otherwise respond. Upon motion of TRE, the clerk of court entered default. TRE now moves for default judgment.

## LEGAL STANDARD

Rule 55(a) requires the clerk of court to enter default against a party that has failed to plead or otherwise respond to the plaintiff's complaint.[2] Once the clerk has entered default, the plaintiff may move for default judgment.[3] If the plaintiff's claim is for a sum certain and the defendant has not appeared in court and is neither a minor nor an incompetent, the motion may be directed to the

---

[1] TRE also initially sued the debtors on the receivables but later dismissed those parties without prejudice. ATS is the sole remaining defendant.

[2] Fed. R. Civ. P. 55(a).

[3] *See* Fed. R. Civ. P. 55(b).

clerk of court.[4]  "In all other cases," the motion must be filed with the district court.[5]  The district court may not enter default judgment without a hearing unless the sum claimed is liquidated or capable of mathematical calculation.[6]  In adjudicating the instant Motion, the Court is mindful that "[d]efault judgments are a drastic remedy" and should only be entered in "extreme situations."[7]

## LAW AND ANALYSIS

Before entering default judgment, the Fifth Circuit has admonished district courts to examine the basis of jurisdiction "both over the subject matter and the parties."[8]  In accordance with this mandate, the Court first examines jurisdiction.

### I. Jurisdiction

Subject matter jurisdiction in this case is premised upon diversity of citizenship.  The Court may not exercise diversity jurisdiction unless the parties are completely diverse and the amount in controversy exceeds $75,000.[9]  As explained more fully below, both of these requirements are met.

---

[4] Fed. R. Civ. P. 55(b)(1).

[5] Fed. R. Civ. P. 55(b)(2).

[6] *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).

[7] *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 277 (5th Cir. 1989).

[8] *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001).

[9] 28 U.S.C. § 1332(a).

"The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."[10]  A corporation is deemed a citizen of (1) its state of incorporation, and (2) the state in which its principal place of business is located.[11]  Unlike corporations, the "citizenship of a LLC is determined by the citizenship of all of its members."[12]

TRE alleges that it is an LLC.  The sole member of TRE is The New Orleans Exchange, Inc., a Delaware corporation with its principal place of business in New York City.  TRE further alleges that ATS is a Georgia Corporation with its principal place of business in Georgia.  Accepting these allegations as true,[13] TRE is a citizen of Delaware and New York, and ATS is a citizen of Georgia.  Thus, the parties are completely diverse.  Moreover, the amount in controversy clearly exceeds $75,000 as TRE seeks a judgment in excess of one million dollars.

The Court may also exercise personal jurisdiction over ATS.  Jurisdiction over a non-resident defendant is proper when (1) the defendant is amenable to service of process under the long-arm statute of the forum state; and (2) the exercise of personal jurisdiction is consistent with the Due Process Clause of the

---

[10] *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004).

[11] 28 U.S.C. § 1332(c)(1).

[12] *Harvey v. Grey Wold Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

[13] Once default has been entered, a plaintiff's well-pleaded allegations are deemed admitted.  *See Nishimatsu Constr. Co., LTD. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

Fourteenth Amendment.[14] In the instant case, "these two inquiries merge into one because Louisiana's long-arm statute permits service of process coterminous with the scope of the due process clause."[15]

"The Due Process Clause of the Fourteenth Amendment protects a corporation, as it does an individual, against being made subject to the binding judgments of a forum with which it has established no meaningful 'contacts, ties, or relations.'"[16] A court may exercise personal jurisdiction over a non-resident defendant when (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state; and (2) exercising personal jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice."[17]

A defendant's contacts with the forum state are sufficient to establish specific jurisdiction when the defendant has purposely directed its activities toward the forum state and the controversy arises out of or is related to those activities.[18] The contract between TRE and ATS expressly designates this Court as a forum for disputes arising out of the contract. The Fifth Circuit has held that a valid forum selection clause in a contract confers personal jurisdiction

---

[14] *Dalton v. R & W Marine, Inc.*, 897 F.2d 1359, 1361 (5th Cir. 1990).

[15] *Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784, 786 (5th Cir. 1990); *see also* La. Rev. Stat. § 13:3201.

[16] *Pervasive Software Inc. v. Lexware GMBH & Co. KG*, 688 F.2d 214, 220 (5th Cir. 2012) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)).

[17] *Latshaw v. Johnston,* 167 F.3d 208, 211 (5th Cir. 1999) (quoting *Int'l Shoe*, 326 U.S. at 316).

[18] *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

over the parties to the contract in the chosen forum.[19]  Accordingly, the Court may exercise personal jurisdiction over ATS.

**II. Breach of Contract**

In this diversity case, Louisiana substantive law applies, including its principles of contract interpretation.[20]  "According to the Louisiana Civil Code, '[i]nterpretation of a contract is the determination of the common intent of the parties.'"[21]  In probing this intent, a court looks first to the four corners of the contract.[22]  "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent."[23]  Whether a contract is clear or ambiguous is a question of law.[24]

The contract's provisions with respect to this case are clear and unambiguous.  They require ATS to repurchase the receivables in the event that the account debtors fail to timely remit payment.  TRE has provided an affidavit stating that the account debtors failed to timely remit payment.  Therefore, ATS's repurchase obligations were triggered.

The contract is similarly clear with regard to the calculation of the

---

[19] *See Kevlin Servs., Inc. v. Lexington State Bank*, 46 F.3d 13, 15 (5th Cir. 1995).

[20] *Bayou Steel Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 642 F.3d 506, 509 (5th Cir. 2011).

[21] *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 181 (5th Cir. 2007) (quoting La. Civ. Code art. 2045).

[22] *See Ortego v. State, Dept. of Transp. & Dev.*, 689 So. 2d 1358, 1363 (La. 1997).

[23] La. Civ. Code art. 2046.

[24] *Sims v. Mulhearn Funeral Home, Inc.*, 956 So. 2d 583, 590 (La. 2007).

repurchase price.  The "Repurchase Price" is defined as:

> (i) the greater of the outstanding amount of the Face Value of a Traded Receivable, or the sum of the then unpaid Advance Amount and accrued Discount Fees with respect to the repurchased Receivable, together with (ii) the amount of any Late Charges and Seller Reimbursable Expenses that may then be due and owing by the Seller.

TRE argues, and the Court is convinced, that the larger amount in this case is the "unpaid Advance Amount and accrued Discount Fees with respect to the repurchased Receivable[s]."  In response to supplemental briefing ordered by the Court, TRE submitted auction summaries that detail the Advance Amounts paid with respect to the auctions and the manner in which the Discount Fees are Calculated.[25]  The unpaid Advance Amounts total $1,128,094.50, and the accrued Discount Fees total $193,974.97.

Additionally, ATS is liable for all accrued Late Charges and any Seller Reimbursable expenses.  The contract provides for a Late Charge of .049315% of the unpaid Advance Amount per day that the Repurchase Price remains unpaid following the Repurchase Date.  TRE has provided an affidavit that establishes the amount of the accrued Late Charges and Seller Reimbursable Expenses.[26]  The Late Charges total $94,028.22, and the outstanding Seller Reimbursable Expenses total $2,428.57.  Finally, the contract provides that ATS is liable for TRE's attorney's fees.

**III. Entry of Default Judgment**

---

[25] Doc. 45-1.

[26] Doc. 20-1.

Having verified jurisdiction and finding that ATS is liable to TRE, the remaining issue is whether entry of default judgment is appropriate. Judgment by default is warranted "when the adversary process has been halted because of an essentially unresponsive party" thereby making impossible the "just, speedy, and inexpensive disposition of [a] case[] on [its] merits."[27] This lawsuit has been pending for approximately seven months. The record does not reveal any excuse for ATS's failure to defend the lawsuit or appear in court. Accordingly, the Court will enter default judgment.

## CONCLUSION

For the foregoing reasons, the Motion is GRANTED. The Court will enter judgment against ATS and in favor of TRE in the amount of $1,418,526.26, plus costs of this proceeding and attorney's fees as determined by the Magistrate Judge. Post-judgment interest will accrue at the federal rate.[28]

New Orleans, Louisiana, this 6th day of November, 2014.

$\hspace{4cm}$ _____
$\hspace{4cm}$ **JANE TRICHE MILAZZO**
$\hspace{4cm}$ **UNITED STATES DISTRICT JUDGE**

---

[27] *See Sun Bank*, 874 F.2d at 276.

[28] *See Enhanced La. Capital v. Brent Homes,* No. 12–2409, 2013 WL 5428687, at *4 (E.D. La. June 6, 2013).